IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

SANCAP LTD,

    Plaintiff,

v.                                                  No. 15-cv-0622 GBW/SMV

HARLO DYNEK DEVELOPMENT, LLC; and
TRES CRUCES CORPORATION;

    **Defendants.**

## MEMORANDUM OPINION AND ORDER

THIS MATTER is before the Court sua sponte, following its review of the Complaint [Doc. 1], filed by Plaintiff on July 16, 2015. The Court has a duty to determine whether subject matter jurisdiction exists sua sponte. *See Tuck v. United Servs. Automobile Ass'n*, 859 F.2d 842, 844 (10th Cir. 1988). The Court, having considered the Complaint, the applicable law, and being otherwise fully advised in the premises, concludes that the Complaint fails to allege the necessary facts of citizenship in order to sustain diversity jurisdiction. Therefore, the Court will order Plaintiff to file an amended complaint no later than August 24, 2015, if the necessary jurisdictional allegations can be made in compliance with the dictates of Rule 11 of the Federal Rules of Civil Procedure.

## BACKGROUND

On July 16, 2015, Plaintiff filed its Complaint, asserting complete diversity between Plaintiff and Defendants and asserting that the amount in controversy exceeds $75,000. [Doc. 1]. at 1–2. In support of its claim of diversity of citizenship, Plaintiff reports that it is "an Ohio Limited Liability Company with its principal place of business located in Lee County, Florida."

*Id.* at 1.  Plaintiff further alleges that Defendant Harlo Dynek Development, LLC "is a limited liability company incorporated in the State of New Mexico with its principal place of business in Doña Ana County, New Mexico."  *Id.*  However, Plaintiff makes no allegation about the citizenship of its own members or the members of Defendant Harlo Dynek Development, LLC.  *See id.*

## LEGAL STANDARD

A plaintiff is required to assert the basis of subject matter jurisdiction in its complaint.  Fed. R. Civ. P. 8.  Additionally, the district court must be satisfied that, indeed, it has subject matter jurisdiction.  *State Farm Mut. Auto. Ins. Co. v. Narvaez*, 149 F.3d 1269, 1270–71 (10th Cir. 1998).  Subject matter jurisdiction cannot be waived and thus may be raised by the parties or sua sponte at any time.  *Louisville & Nashville R.R. Co. v. Motley*, 211 U.S. 149, 152 (1908).

## DISCUSSION

District courts have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between citizens of different States.  28 U.S.C. § 1332(a).  Determining the citizenship of a limited liability company is different from determining the citizenship of a corporation under § 1332.  A corporation is deemed to be a citizen of the state in which it is incorporated *and* in which it maintains its principal place of business.  *See* § 1332(c).  Limited liability companies, however, are treated as partnerships for citizenship purposes and are therefore citizens of every state in which any of its members are citizens.  *Siloam Spring Hotel, L.L.C. v. Century Sur. Co.*, 781 F.3d 1233, 1234 (2015).

Here, the facts set forth in the Complaint do not sufficiently establish the citizenship of Plaintiff Sancap Ltd or Defendant Harlo Dynek Development, LLC, because they fail to allege the citizenship of the members of the LLCs.

**IT IS THEREFORE ORDERED, ADJUDGED, AND DECREED** that Plaintiff shall amend its Complaint to properly allege diversity of citizenship, if such allegations can be made in compliance with the dictates of Rule 11 of the Federal Rules of Civil Procedure, no later than **August 24, 2014**.

**IT IS FURTHER ORDERED** that if such an amended complaint is not filed by **August 24, 2014**, the Court may dismiss this action without prejudice.

**IT IS SO ORDERED.**

_____
**STEPHAN M. VIDMAR**
**United States Magistrate Judge**